Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
### for the
Middle District of Pennsylvania

_____ Division

|  |  |
|---|---|
| Anthony Johnson | ) |
| _____ | ) |
| **Plaintiff(s)** | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
| Ellen Mace-Liebson; Richard Andruezzi; | ) |
| David Steffan; Scott Finley; Joseph | ) |
| Rush; Douglas McClintock | ) |
| _____ | ) |
| **Defendant(s)** | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names. Do not include addresses here.)* | ) |

Case No. _____
(to be filled in by the Clerk's Office)

FILED
SCRANTON

JUL 2 1 2020

Per_____
DEPUTY CLERK

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | ANTHONY JOHNSON |
| All other names by which you have been known: | NONE |
| ID Number | 30077-068 |
| Current Institution | UNITED STATES PENITENTIARY – CANAAN |
| Address | POST OFFICE BOX 300 |
| | WAYMART         PA      18472 |
| | City         State      Zip Code |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | ELLEN MACE-LIEBSON |
| Job or Title *(if known)* | DOCTOR (DR.) |
| Shield Number | UNKNOWN |
| Employer | FCI-SCHUYLKILL , FEDERAL BUREAU OF PRISONS |
| Address | INTERSTATE 81 & 901 W. |
| | MINERSVILLE       PA      17954 |
| | City         State      Zip Code |

☒ Individual capacity    ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | RICHARD ANDRUEZZI |
| Job or Title *(if known)* | PHYSICIAN ASSISTANT (PA) |
| Shield Number | UNKNOWN |
| Employer | FCI-SCHUYLKILL ; FEDERAL BUREAU OF PRISONS |
| Address | INTERSTATE 81 & 901 W. |
| | MINERSVILLE       PA      17954 |
| | City         State      Zip Code |

☒ Individual capacity    ☐ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

| | |
|---|---|
| Name | DAVID STEFFAN |
| Job or Title (if known) | DOCTOR (DR.) |
| Shield Number | UNKNOWN |
| Employer | FCI-SCHUYLKILL, FEDERAL BUREAU OF PRISONS |
| Address | INTERSTATE 81 & 901 W. |
| | MINERSVILLE          PA          17954 |
| | *City*                *State*           *Zip Code* |

[X] Individual capacity    [ ] Official capacity

Defendant No. 4

| | |
|---|---|
| Name | SCOTT FINLEY |
| Job or Title (if known) | WARDEN |
| Shield Number | UNKNOWN |
| Employer | FCI-SCHUYLKILL, FEDERAL BUREAU OF PRISONS |
| Address | INTERSTATE 81 & 901 W. |
| | MINERSVILLE          PA          17954 |
| | *City*                *State*           *Zip Code* |

[X] Individual capacity    [X] Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

[✓] Federal officials (a *Bivens* claim)

[ ] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

1. FIRST AMENDMENT, UNITED STATES CONSTITUTION

2. EIGHTH AMENDMENT, UNITED STATES CONSTITUTION

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☐  Convicted and sentenced state prisoner

☑  Convicted and sentenced federal prisoner

☐  Other *(explain)* _____

## IV.  Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

FEDERAL CORRECTIONAL INSTITUTION-SCHUYLKILL
DATES EVENTS TRANSPIRED: JANUARY 14, 2019 — OCTOBER 3, 2019

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.   What date and approximate time did the events giving rise to your claim(s) occur?

JANUARY 14, 2019 — OCTOBER 3, 2019 (SEE ATTACHMENT/MEMORANDUM)

D.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

(SEE ATTACHMENT/MEMORANDUM) ("FACTS") ("LEGAL CLAIMS")

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiff's injuries contributed by each named defendant are listed on the Attachment page(s) of Complaint @pg. 23.

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Plaintiff seeks various forms of injunctive relief, including immediate medical treatment at outside medical facilities per sentencing court's order and recommendation for continued pre-incarceration treatment of specialists, and oversight of his medical care by an independent physician. In addition, plaintiff seeks compensatory/actual damages in the amount(s) of $1,000,000 and $700,000, respectively, as well as punitive damages in amount of $50,000 against defendants.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

VII.   **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Federal Correctional Institution-Schuylkill

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

FEDERAL CORRECTIONAL INSTITUTION — SCHUYLKILL

2.   What did you claim in your grievance?

• MEDICAL STAFF FAILURE TO PROVIDE COURT-IMPOSED TREATMENT FOR PRE-INCARCERATION INJURIES; FAILURE TO PROVIDE SPECIALIST AND; EXCESSIVE FORCE; RETALIATION; DENIAL OF BASIC MEDICAL NEEDS, ETC.

3.   What was the result, if any?

• DENIAL OF EACH GRIEVANCE.

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I WENT THROUGH THE ENTIRE GRIEVANCE PROCESS, TO INCLUDE APPEALING EACH DENIAL OF EACH GRIEVANCE TO HIGHEST LEVEL. ADMINISTRATIVE REMEDIES ARE FULLY EXHAUSTED.

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

_____ *N/A* _____

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____ *N/A* _____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____ *N/A* _____

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)* ( EXHIBIT #A )

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
Plaintiff(s)        _____
Defendant(s)     _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*
_____

3.   Docket or index number
_____

4.   Name of Judge assigned to your case
_____

5.   Approximate date of filing lawsuit
_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☑ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s)    _____
     Defendant(s)    _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

     _____

3.   Docket or index number

     _____

4.   Name of Judge assigned to your case

     _____

5.   Approximate date of filing lawsuit

     _____

6.   Is the case still pending?

     ☐ Yes

     ☐ No

     If no, give the approximate date of disposition    _____

7.   What was the result of the case? *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

     _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   July 14,2020

Signature of Plaintiff

Printed Name of Plaintiff   Anthony johnson

Prison Identification #   30077-068

Prison Address   united states penitentiary-Canaan;P.o box 300

Waymart         PA      18472
City          State     Zip Code

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

City          State     Zip Code

Telephone Number

E-mail Address

Continuation Page-- "Defendants"

Defendant #5:
Name: Joseph Rush
Job Title: Physician Assistant (PA)
Shield No.: Unknown
Employer: FCI-Schuylkill, Federal Bureau of Prisons
Address: Interstate 81 & 901 W.,
City: Minersville  State: PA   Zip Code: 17954

* Individual capacity


Defendant #6:
Name: Douglas McClintock
Job Title: Assistant Health Service Administrator (AHSA)
Shield No. Unknown
Employer: FCI-Schuylkill, Federal Bureau of Prisons
Address: Interstate 81 & 901 W.
City: Minersville  State: PA   Zip Code: 17954
* Individual capacity

ATTACHMENT

I. <u>SUMMARIZED BACKGROUND TO COMPLAINT</u>

      To put the issues in its proper context, it is first necessary to provide a brief sypnosis of relevant background facts.

      In August 2017, prior to his incarceration within the Bureau of Prisons ("BOP"), Plaintiff was involved in a car accident. As a result thereof, plaintiff started undergoing multiple complications concerning his health, to include back and nerve pain, numbness and tingling in both his extremities. Plaintiff was eventually seen by a doctor and chiropractor, both of which prescribed plaintiff medication and physical therapy. This however proved to be ineffective; within a few days, Plaintiff's pain had increadsed. Doctors thereafter performed a MRI which revealed L4-L5 spinal disk protrusion (possibly contacting L4-L5 nerve roots). Plaintiff was referred to a neurosurgeon, who conducted a EMG which confirmed L4-L5 herniated disks, causing lumber radiculo- pathy effecting nerves and muscles in plaintiff's lower extremities. As a direct result of his diagnosis plaintiff was prescribed a pain management consultant by his neuro- surgeon, to include chiropractic care.

      Then, in March 2018 while undertaking treatment for his health crisis, tragedy struck again. Plaintiff was involved in yet another automobile accident, further aggravating his existing injuries he's sustained previously.

1

Plaintiff was subsequently treated by a pain management specialist, who prescribed spinal injections, muscle relaxants, gabapentin and celebrex to plaintiff. Moreover, the specialist further recommended that plaintiff undergo physical therapy.

On July 16, 2018 plaintiff was sentenced to imprisonment for a term of 50-months for violation of supervised release. As part of his sentence, the sentencing judge explicitly ordered plaintiff's medical records be provided to BOP officials and that those officials give plaintiff treatment recommened by doctors and specialists for his pre-incarceration injuries.

II. <u>FACTS OF COMPLAINT</u>

1. At all times mentioned herein Plaintiff Anthony Johnson is and was a federal prisoner in the custody of the Federal Bureau of Prisons, and housed at FCI-Schuylkill in Minersville, Pennsylvania.

2. On January 14, 2019 during intake screening, the plaintiff advised medical personnel (R. Bryer) that he had been involved in two car accidents prior to his federal sentence and suffered from various health ailments. The plaintiff in particular, advised that because of his back and nerve problems, he would be unable to climb onto a top bunk; plaintiff therefore requested that he be assigned to

2

a lower bunk. Upon arriving to his unit however, plaintiff was placed on a top bunk.

   3. On January 16, 2019 plaintiff reported to medical and spoke with Defendant Mace-Liebson. Plaintiff informed Mace-Liebson about the extent of his medical conditions due to two car accidents. Plaintiff asked for muscle relaxants, ten units, and an alternative nerve medication due to cumbalta being ineffective. Plaintiff told Mace-Liebson that he had been under the care of a physician prior to incarceration, who had prescribed, among other things, physical therapy, and a neuronsurgeon who had prescribed treatment consisting of physical therapy via chiropractor and a pain-management specialist. Plaintiff advised Mace-Liebson that he had been given spinal injections, gabapentin and celebrex. Plaintiff requested treatment prescribed by his pre-incarceration physicians. After first confirming plaintiff's conditions, Mace-Liebson told plaintiff that "physical therapy is out of the question" "[Plaintiff] will not receive the same requested treatment if [he] was in society;" and "don't come to jail and you won't have to worry about getting proper treatment." When plaintiff informed Mace-Liebson that the judge had ordered his pre-incarceration treatment to be continued during his confinement, Mace-Liebson told plaintiff that "a judicial recommendation means nothing here." Plaintiff asked that

he be assigned a lower-bunk pass because he was unable to
climb onto  a top bunk due to his injuries, and that he
was currently sleeping on the floor. Mace-Liebson told
plaintiff that he "did not qualify" for assignment to a
lower bunk and that he should "just tough it out."

4. Two days later, on January 22, 2019 at approxia-
mently 11:00 AM plaintiff reported to medical sick call
and was consulted by defendant Steffan. Plaintiff made
Steffan aware that the cymabalta he was using was not
working and that he was experiencing chronic neck-back
pain, along with nerve pain. Plaintiff requested for a
carpal tunnel splint due to diagnosed cervical neuritis,
ulnar neuritis, etc. Steffan told plaintiff, "go to the
commissary and get ibuprofen because the BOP don't treat
pre-existing injuries." Plaintiff requested (again) to be
assigned a lower bunk. Steffan stated, "You don't qualify."

5. On February 8, 2019 Plaintiff spoke with Defendant
McClintock and made him aware of not receiving treatment
for his injuries. Plaintiff advised McClinctock of medical
staff's interference with his pre-incarceration physician
and treatment specialists prescriptions; that he was denied
a bottom bunk pass despite his conditions. McClinctock told
plaintiff, "If you keep complaining, you won't get anything.
A grievance is not the way to go." McClintock refused to do
anything. Plaintiff then informed McClintock that he was

4

having extreme pains in his neck and back and that it was hurting to even walk. McClintock replied: "Come on, act like a man."

6. On February 13, 2019 @ approx. 9:30 AM Plaintiff went to medical and was consulted by Defendant Rush. The plaintiff told Rush that his pain in his back and neck was so extreme that he could not walk straight. Plaintiff advised Rush that he was experiencing numbness and swelling in his hand. Plaintiff asked that Rush contact someone to provide immediate medical help. Plaintiff told Rush that he needed treatment prescribed by his street doctor and specialist. Plaintiff explained his diagnosed ailments. Plaintiff stated that he could not climb onto a top bunk and requested a lower bunk pass. Plaintiff told Rush that the BOP prescribed medications were not working, and that he'd been taking them for over five-months to no avail. Rush conducted an examination of the plaintiff and noted muscle spasms and swelling in the plaintiff's lumbar spine and hand, but did not provide any treatment at all.

7. On February 22, 2019 @ approx. 4:05 PM while attempting to climb down from off his top bunk, plaintiff fell to the floor, further aggravating his prior injuries. Plaintiff's neck and back pain grew extreme and he then

experienced severe nerve pain in his arms and legs. After
a RN was called to unit and plaintiff was rushed to the
medical department, the RN (Bryer) contacted Mace-Liebson
via phone after plaintiff complained and protested for a
transfer to emergency room due to the severity of pain he
sustained from the fall. After Bryer ended his conversation
with Mace-Liebson, he informed plaintiff that Mace-Liebson
told him "under no circumstances is [plaintiff] to be
taken to er." Bryer gave plaintiff a shot of Toradol and
told him to go back to the unit. Plaintiff was subsequently
given a wheelchair, with Mace-Liebson's permission, but
still denied a lower bunk pass, "per the orders of Dr.
Mace." Upon arriving to the unit, correctional officer
inquired as to why medical would order plaintiff to remain
on a top-tier/top bunk? Officer [Pelowski] immediately
moved plaintiff to a lower tier/bunk.

8. On Feburary 23, 2019 @ approx. 7:15 AM plaintiff
awoke experiencing pain in his neck and back ten-fold.
Plaintiff was sent to medical and consulted by RN Andress.
Plaintiff requested immediate medical assistance because
he was in pain. Approximamently 22-minutes later McClintock
arrived on the scene and immediately asked plaintiff who
had issued him a wheelchair? When plaintiff told McClintock
about his fall and that Mace-Liebson approved issuance of
the wheelchair, McClintock became visibly upset; he then

6

ordered the inmate assisting plaintiff with wheelchair
transport to return to unit. After which, McClintock,
along with RN Andress, forced plaintiff to walk to the
exam room. When plaintiff expressed that he could not
walk due to pain, McClintock stated, "Well, you just
won't be seen." In fear of not being seen and treated for
his injury, plaintiff eventually struggled to stand and
walked to the exam room. Upon entering, plaintiff again
stated that he was in extreme pain. McClintock stated,
"Sure you are." Plaintiff sat waiting for treatment for
approx. 8-minutes with no examination ever being done.
As plaintiff was leaving, McClintock stated, "I'm tired
of your grievances and complaints," then took plaintiff's
wheelchair that had been issued by Mace-Liebson--directly
interfering with treatment once prescribed. McClintock
told plaintiff to walk back to the unit.

9. On February 25, 2019  plaintiff reported back to
medical due to experiencing more pain in his neck and his
back, numbness/tingling and muscle spasms in legs/arms.
Plaintiff was consulted by Mace-Liebson, whereas, he made
her aware of injury from February 22, 2019 fall. Plaintiff
was given a partial examination by Mace-Liebson consisting
of physical inspection where she concluded she did not
detect that plaintiff had any serious medical issues, noting

7

however, plaintiff's blood pressure was high. Plaintiff
requested immediate referral to a specialist due to the
numbness and tingling in his extremities, and to be
prescribed his priors pre-incarceration specialist's
treatment and a lower bunk and wheelchair. Mace-Liebson
told plaintiff "Stop faking!" Plaintiff stated that he
was not faking; he was in serious extreme pain from the
fall. Mace-Liebson stated, "Well, that's what I'm going
to put in your files, and you're not seeing no one or
getting a lower bunk or treatment" because "you continue
complaining." At approx. 2:15 PM that same day, a case
manager came to the unit and took away plaintiff's BOP
prescribed medications, statting that "Dr. Mace said to
walk up everyday and get it." The following day plaintiff
was given an incident report for failing to walk to pill
line and pick up his medication--even though he was in
pain and unable to walk.

     10. On February 27, 2019 at approx. 8:00 A.M. plaintiff
was consulted at medical by Defendant Rush. Plaintiff told
Rush that the prescribed medicines by BOP (cumbalta) was
not working. Plaintiff told Rush about his fall from top
bunk, and that his wheelchair had been taken. Plaintiff
told Rush that he was then experiencing severe pain in
his neck/back. Plaintiff complained about on-the-spot

8

muscle aches and spasms and intense nerve complications. Rush confirmed swelling in plaintiff's back but did not conduct any examination. Plaintiff asked for a carpal tunnel splint for wrist pain and otherwise treatment for his constant ongoing pain. Rush refused to treat plaintiff and told plaintiff to "continue using cymbalta" for his pain symptoms. Plaintiff was forced to sleep on the floor in unit.

11. On the same day at approx. 12:15 PM plaintiff confronted Defendant Finley and advised him about plaintiff's diagnosed medical conditions; the refusal of staff defendants to provide treatment, and denial of court-ordered pre-incarceration specialist care. The plaintiff told Finley about falling from top bunk and that his wheelchair had been confiscated by McClintock in retaliation for filing grievances against staff. Finley told plaintiff that he [Finley] was "in agreeance with Mace-Liebson' diagnosis" and that "[i]f you don't like it, keep filing grievances."

12. On February 28, 2019 at approx. 7:00 AM plaintiff consulted Rush at medical call again and explained that he was experiencing extreme pain and numbness/tingling and nerve pains. Rush observed swelling and positive SLR-pain. Rush told plaintiff to continue taking cymbalta.

Plaintiff stated it was ineffective. Rush replied, "Well, that's all you gonna get." Plaintiff stated he needed bottom bunk pass; Rush stated, "Ain't gonna happen." Plaintiff was forced to sleep on the floor in unit.

13. On March 6, 2019 after finally getting assigned to lower bunk, plaintiff was moved to another unit. When he arrived at unit, however, he was assigned to a cell with an inmate who had a bottom bunk restriction. Plaintiff told unit officer about situation; unit officer stated he was not authorized to move plaintiff. At approx. 3:10 P.M. plaintiff sent an electronic email to Finley. Plaintiff asked Finley to have him re-assigned to bottom bunk. Plaintiff explained that because of injuries, he could not climb top bunk. Finley never replied to email.

14. On March 8, 2019 at approx. 7:58 AM plaintiff returned to medical and was again consulted by Rush. Plaintiff told Rush that he was still continuing to have nerve pain from his fall and that his condition was getting worse. Plaintiff requested a lower bunk pass, muscle relaxers, alternative pain medications, and access to specialist. Rush told plaintiff that "nothing's gonna happen," and that he'd "just have to wait until [you] see a specialist." Plaintiff continued to experience pain in his back and neck. Rush got upset and told plaintiff to "shut up and leave." Approx. one-hour later plaintiff

was served an incident report for "refusing a direct order."

15. The same day, at approx. 11:45 AM plaintiff approached Finley and again complained about lack of treatment, denial of lower bunk pass, non-treatment after falling from top bunk, retaliation by McClintock for the filing of grievances, and denial of pre-incarceration specialist prescribed treatment. Finley stated to the plaintiff, "It is what it is. I'm backing my medical staff, regardless." At 7:45 PM, however, plaintiff was finally issued a lower bunk pass.

16. On March 25, 2019 at 8:50 AM plaintiff was seen by Steffan at medical. Plaintiff advised Steffan about painful lump on his neck/spine area and requested Steffan to get him medical attention. Steffan provided no treatment or examination. Plaintiff left the medical unit still in pain.

17. On March 28, 2019 at 8:20 AM plaintiff returned to medical and consulted Rush. Plaintiff reported that he was experinecing (sciatica) nerve pains which were affecting his bowel movements for past two weeks; that he had painful cramps on his left side with numbness in his buttocks area. Rush asked plaintiff to perform a series of (ackward) positions--despite plaintiff insistence that "it hurts." Rush ended the session with, "Stop coming down

here crying like a fucking baby." No treatment was ever provided.

18. On April 4, 2019 at approx 7:00 AM plaintiff reported to medical sick call and was consulted by Steffan. Plaintiff told Steffan that he was experiencing severe pain due to diagnosed ulnar neuritis and carpal tunnel symptom, causing nerve and muscle pain in his left arm. Steffan told plaintiff, "You again. You keep coming up here everyday... you just don't learn." The plaintiff ignored Steffan. As plaintiff filled out a sick call form and expressed his pains to Steffan, Steffan continued agonizing him. Steffan stated, "I got something for you," in a threatening tone. Due to his fear of retaliation, plaintiff left medical and reported the incident to a lieutenant (Malaski). Plaintiff then returned to medical. Steffan continued antagonizing the plaintiff (witnessed by two other inmates, Watson, Reg. No.-066 and Vodie Goodman, Reg. No. 04910-036). At approx. 10:00 AM plaintiff was called to lt's office and served another incident report from Steffan, falsely accusing plaintiff of group demonstration.

19. On April 5, 2019, while in Special Housing Unit ("SHU"), for the incident report described above, the plaintiff filled out a sick call form for neck and back

12

pain and numbness in his upper/lower extremities. Steffan approached plaintiff's cell door and stated: "Got your meds? I told you I had something for you." (referring to indicent report and threat he'd previously made on March 4, 2019). Steffan then proceeded to antagonize plaintiff (witnessed by cell mate A. Phillips, #76095-067). The plaintiff received no treatment for his pain.

20. On April 16, 2019 after being released from SHU and the incident report expunged, plaintiff went to medical unit to pick up his medication, plaintiff was informed by the PA that Mace-Liebson had ordered his cymbolta medicine to be discontinued for "non-compliance." Mace-Liebson conducted no testing or examination of the plaintiff beforehand. Plaintiff began suffering debilitating side effects. Due to constant denial of any type of treatment for his severe conditions, coupled with the fear of retaliation from medical staff, plaintiff stopped going to sick call for help.

21. On June 13, 2019 at approx. 10:07 AM plaintiff emailed Warden Finley and explained Mace-Liebson was intentionally denying treatment and employing repressive and retaliatory tactics for grievances filed by plaintiff. Plaintiff asked Finley to intervene.

22. On June 24 and July 1, 2019 plaintiff wrote to the Office of Inspector General ("OIG"), voicing complaint

13

of grievances and denial of medical treatment.

23. On July 18, 2019 plaintiff was consulted by
Defendant Richard Andruezzi, during a medical visit,
whereas, plaintiff advised Andruezzi of his diagnosed
medical crisis and conditions from two car accidents,
and the treatment prescribed by specialist. Plaintiff
told Andruezzi of his (now) permanant radiating numbness
and tingling and nerve pains in his neck, arms and legs;
chornic neck-back pain, etc. due to the continued denial
of pre-incarceration treatment (or any other treatment).
Plaintiff stated that the prescribed BOP medicines and
ibuprofen were ineffective. Plaintiff requested gabapen-
tin, alternative for cymbalta, to be re-instated, physical
therapy, a carpal tunnel splint, chiropractor care, etc.
Plaintiff stated that he was in extreme pain. Andruezzi
acknowledged that plaintiff needed more treatment than
what he was currently receiving, but stated "at the end
of the day, it ain't up to me but Dr. Mace."

24. Between July 13-23, 2019 plaintiff emailed
Finley and requested that he intervene. On July 26th,
at approx. 1:57 PM Finley responded to email and stated
that plaintiff wasn't being denied medications due to
plaintiff "malingering." Plaintiff stated he wasn't
malingering, and that he needed medical help.

14

25. On August 2, 2019 during lunch call, plaintiff approached Andruezzi and requested to know why he was being denied medical help for injuries and pain. Mr. Andreuzzi stated: "Mace told me 'no,' and I have to do what she says... my hands are tied." On August 3, 2019 at approx. 7:40 AM plaintiff was given a Velcro plastic ER wrist splint by pharmacy. At 11:45 AM plaintiff returned to medical seeking instructions on how to use and/or adjust splint. Medical personnel told plaintiff to try to wear it until Andreuzzi returned to work the following Monday. On August 6, 2019 plaintiff was approved to see the General Surgeon. On that same day, approx. 12:23 PM plaintiff went to medical to consult Andreuzzi and told him that plaintiff needed help with the wrist splint. Plaintiff showed Andruezzi his hand, which had completely swelled up, and that he, plaintiff, was in extreme pain. Andreuzzi stated, "Not right now."

26. On September 19, 2019 plaintiff consulted Andreuzzi at medical. Andreuzzi advised plaintiff that a biopsy would be ordered because of the lump on plaintiff's neck. Plaintiff then complained of back, arm and hand, pains, including swollen neck glands. Plaintiff again begged for immediate examination and treatment due to ongoing pains. Plaintiff asked Andreuzzi to help with

adjustment of splint. Andruezzi stated: "I don't have time for your shit." When plaintiff asked how to properly wear the splint without irritating nerve which caused swelling, Andruezzi glared at plaintiff, then lean in and snatched the splint while forcefully twisting the plaintiff's injured hand/wrist. Plaintiff yelled out in pain. Andruezzi then shoved plaintiff in the face/head and ordered plaintiff to leave medical. Plaintiff then immediately reported the incident to Associate Warden K. Gabrielson.

27. On October 2, 2019 plaintiff forwarded a letter to the OIG reporting assault, retaliation, and denial of medically-prescribed pre-incarceration treatment. On October 3, 2019 plaintiff was taken to the General Surgeon biopsy consultation appointment. The General Surgeon noted that plaintiff's neck was swollen and recommended that plaintiff be scheduled for CT-scan, X-Ray, and blood work, then brought back for follow up examination in a month. The General Surgeon stated that a "biopsy might be needed." Mace-Liebson and Andruezzi both however refused to schedule the recommended test and follow up appointment.

28. On December 3, 2019 plaintiff was seen by Steffan at sick call. Plaintiff told Steffan that he was having pain and severe swelling in his hand, nerve pain, muscles spasms, and his need for nerve pills to be re-instated,

along with pre-incarceration specialist prescribed treat-
ment. Steffan told plaintiff, "Too bad. Go to commissary
for pain relievers, despite plaintiff stating OTC was
not working. When plaintiff continued with his request for
immediate referral to specialist and "any treatment at
all." Steffan initiated a incident report against the
plaintiff for refusing to leave medical without any
treatment being provided.

   29. On December 6, 2019 at approx. 3:20 AM plaintiff
got up to use the toilet. His legs went weak and he
collapsed to the floor on his knees. Plaintiff cell mate
(Nafese Sanford) attempted to help plaintiff up, then
activated the duress button. Officers arrived and contacted
medical. Unit officers advised that Mace-Liebson told them
to wait until 6-7:00 AM when someone from medical arrived
for work. Plaintiff was left laying on the floor in pain
for the next (5)-five hours. After arriving at medical at
approximamently 8:45 AM plaintiff was told to wait another
20-minutes by McClintock. Once plaintiff was admitted into
the hallway of medical, plaintiff was left sitting in a
wheelchair, in severe pain. Due to the pain in his back
plaintiff attempted to reposition himself to the ground.
McClintock and Andruezzi then arrived and began taking
pictures of plaintiff. As plaintiff layed in pain, both
McClintock and Andruezzi began laughing, refusing to help.

17

Mace-Liebson arrived and immediately accused plaintiff of
malingering. Mace-Liebson stated, "I'm so sick and tired
of your shit. All the grievances and complaints." At that
point Mace-Liebson purposely kicked plaintiff on the
bottom of his foot. Plaintiff yelled out in pain. Mace-
Libeson proceeded to kick plaintiff again on his foot,
screaming "Get the hell up!" Plaintiff's pain incresed
in his back/neck area due to aggravation of herniated
disk. Two prison lieutenants arrived, where plaintiff
reported Mace-Liebson had just assaulted him. Psychairist
(Dr. Mening) arrived and plaintiff explained same. Dr.
Mening consulted Mace-Liebson then told plaintiff that
cymbalta would be re-instated. Plaintiff was sent back
to unit without being examined or treated for his pain
symptoms and the assault.

30. On December 11, 2019 plaintiff arrived at the
medical unit for sick call. Plaintiff complained of severe
pain and swelling caused by Mace-Liebson's assault. Plain-
tiff was again consulted by Andruezzi, who told plaintiff
to "get out wheelchair and do some moving." Plaintiff
said due to pain he could not. Andruezzi told plaintiff
that an MRI would be ordered as recommended by emergency
room. (Later found out Mace-Liebson told Andruezzi not
to put in an MRI consult, possibly to avoid detection of

18

new injuries and McClintock told plaintiff to; plaintiff
never got one). As plaintiff labored to get into his
wheelchair, Andruezzi stated, "Due to your continuous
complaints, leave the wheelchair and walk back."

31. On December 12, 2019 at approx. 10:00 AM,
plaintiff went back to medical unit and was consulted by
McClintock after complaining about severe neck/back pain.
McClintock forced plaintiff to wait to be seen. Plaintiff
sat in medical for approx. 45-minutes without being seen.
Due to the extent of his pains, plaintiff advised the PA
(Butler) that he was going back to the unit to lay down.
Upon arriving outside mainline plaintiff saw Finley and
took the time to explain that he'd been assaulted by
Mace-Liebson. Finley began ranting at plaintiff and stated
"I'm prepared for court... file another grievance."
(witnessed by inmate Sanford). Approximamently 11:45 AM
unit officers came and took plaintiff to SHU for another
incident report written by Andruezzi. Once in SHU, the
plaintiff was served yet another incident report written
by McClintock.

32. Plaintiff was housed in SHU for 18-days, being
denied any medication besides 5-days prednisone and
ineffective crushed/floated cymbalta, suffering unnecessary
pain, despite pre-existing diagnosed conditions and recently

19

diagnosed digenerative disk disease and hypertrophic
osteophyte. On December 30, 2019 plaintiff was transferred
to USP Canaan.

III. LEGAL CLAIMS

33. Plaintiff re-alleges and incorporates by reference
paragraphs 1-33.

34. Defendant's Mace-Liebson, Steffan, Andruezzi,
McClintock, and Rush's deliberate indifference to plain-
tiff's serious medical needs violated plaintiff's rights,
and constituted cruel and unusual punishment under the
Eighth Amendment of the United States Constitution;

35. By failing to provide plaintiff a bottom bunk
prior to falling from top bunk, knowing plaintiff suffered
a herniated disk from involvement in pre-incarceration car
accidents and plaintiff's medical needs, and failing to
assign a bottom bunk for non-medical reasons after his
fall, Defendant's Mace-Liebson, Steffan, Andruezzi, Rush
and McClintock violated plaintiff's rights under the Eighth
Amendment of the United States Constitution, and caused the
plaintiff pain, suffering, physical injury and emotional
distress.

36. Defendant Mace-Liebson used excessive force on
plaintiff by kicking him in the foot while he was laying
on the floor when plaintiff was not violating any prison

20

rule, and was not acting disruptively. Defendant Mace-Liebson's actions violated plaintiff's rights under the Eighth Amendment to the United States Constitution, and caused plaintiff pain, suffering, physical injury and emotional distress.

37. Defendant Andruezzi used excessive force against plaintiff by twisting his hand/wrist while snatching splint off plaintiff's wrists when plaintiff was not violating any prison rule, nor acting disruptively in any manner. Defendant Andruezzi's actions violated plaintiff's rights under the United States Constitution, and caused plaintiff pain, suffering, physical injury and emotional distress.

38. By confiscating plaintiff's wheelchair and forcing him to walk after plaintiff's fall from top bunk, Defendant McClintock retaliated against plaintiff unlawfully, in violation of plaintiff's rights under the First Amendment to the United States Constitution, as well as his Eighth Amendment rights. These actions caused, and are still causing, plaintiff injury to his First Amendment.

39. BY threatening plaintiff with incident reports and then writing those reports for exercise of his right to seek redress from the prison through use of the prison's grievance process, Defendant's Mace-Liebson, Steffan, and Rush all retaliated against plaintiff unlawfully, in violation of plaintiff's rights under the First Amendment to the United

21

States Constitution. These illegal actions caused plaintiff injury to his First Amendment.

40. By having direct knowledge about Defendant's acts of deliberate indifferences to plaintiff's serious medical needs, failing to correct the misconduct and/or intervene, and encouraging the continuation of such, Defendant Finley also violated plaintiff's rights under the Eigth Amendment to the United States Constitution and caused plaintiff pain, suffering, physical injury and emotional distress.

41. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured and suffer as a result of the conduct of the defendant's unless this court grants the declaratory and injunctive relief which plaintiff now seeks.

42. Defendant's each knew about my serious medical needs and conditions verified by pre-incarceration specialists--cervical radiculitis, lumbar radiculopathy, L4-L5 herianted disc, sciatica damage-- all cause severe sypmtoms of nerve pain, muscle spasms, weakness in joints, etc. Denial of prescribed medication, physical therapy and injection, access to treatment and specialist caused the deterioration and risk of irreparable harm and injury, all in violation of the United States Constitution.

22

IV.  <u>INJURIES</u>

I sustained the following injuries related to the
actions, misconduct, and omissions of the defendants
named herein: (1) T12-L1 digenerative disk disease,
hypertrophic osteophyte and C6-7 hypertrophic osteophyte
(from February 22, 2019 fall and lack of treatment after
that fall); (2) aggravation of pre-existing neck and back
injuries to cervical neuritis, herniated disk and radicu-
lopathy; (3) severe nerve pain and stress-related symptom
to include mild stroke (cause by being kicked by defendant
Mace-Liebson on December 6, 2019); (4) stress, depression,
mental/emotional distress, hypertension; (5) pain and
swelling in hand (due to assault inflicted by defendant
Andruezzi).

V.  <u>PRAYER FOR RELIEF</u>

I seek the following as basis for relief related to
the actions, misconduct, and omissions of the defendants
named herein: (i) a declaration that the acts and omission
described herein violate Plaintiff's rights under the
Constitution and laws of the United States, and (ii) a
preliminary and permanant injunction order the Federal
Bureau of Prisons to provide court-ordered pre-incarceration
treatment, and (iii) compensatory/actual damages in the
amount of $1,000,000 against defendants Mace-Liebson,

23

Andruezzi, Steffan and McClintock, jointly and severally, and (iv) compensatory /actual damages of $700,000 against defendant Finley only, and (v) compensatory/actual damages of $50,000 against defendant Rush only; (vi) Plaintiff seeks punitive damages in the amount of $700,000. Plaintiff seeks these damages against defendants Mace-Liebson, Andruezzi, Steffan, and McClintock, jointly and severally. Plaintiff seeks damages of $50,000 only against defendant Finley and Rush, and

(vii) Plaintiff also seeks a jury trial on all the issues triable by jury;

(viii) Plaintiff also seeks recovery of their costs in this suit, and

(ix) Any additional relief this Court deems just, proper, and equitable.

Dated: July 14, 2020.                   Respectfully submitted,

                                        _____
                                        ANTHONY JOHNSON


## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Waymart, Pennsylvania on July 14, 2020.

/s/ _____
    ANTHONY JOHNSON

24

EXHIBIT #A
(ADMINISTRATIVE REMEDIES INFORMATION)

JOHNSON, Anthony
Reg. No. 30077-068
Unit: 3A
Remedy ID# 967849-F1

<hr>

### Part B - RESPONSE

This is in response to your Request for Administrative Remedy, received on
February 14, 2019, wherein you claim you have not received adequate medical care for your
back and pain management issues.

A review of your medical file reveals you were recently evaluated on January 16, 2019, by the
Clinical Director. You were given a back care booklet, and a plan of care to follow including diet
modification and medication compliance. You reported to sick call on January 22, 2019, and
were evaluated by a Physician Assistant.   You offered a complaint of pain in your back, neck,
and leg. You left the exam prior to the conclusion stating, "I am going to write you up."

You returned to sick call on February 13, 2019, and you were evaluated by a Physician Assistant.
You offered a complaint of back pain which was addressed. You were prescribed medication and
directed to continue following your current treatment plan. In order for you to see any
improvement in your medical conditions you must follow the treatment plan including
medication compliance, diet modification, stretching, and exercises set forth by the clinical
providers. Your request for care was reviewed by the Utilization Review Committee (URC) and
submitted for review by the Regional URC on February 19, 2019.

Your request for Administrative Remedy is provided for informational purposes only.

If you are not satisfied with this decision, you may appeal to the Regional Director, Federal
Bureau of Prisons, U.S. Customs House, Second and Chestnut Streets, Philadelphia,
Pennsylvania, 19106 within 20 calendar days of the date of this response.

_____              03/06/2019
Scott Finley, Warden                          Date

JOHNSON, Anthony
Reg. No. 30077-068
Appeal No. 967849-R1
Page One

---

### Part B - Response

You appeal the response of the Warden of FCI Schuylkill and
contend you are not receiving appropriate medical treatment for
chronic pain.  You claim you suffered several injuries from a
motor vehicle accident and are being denied pain management.
You request adequate medical care.

A review of your appeal reveals the Warden adequately addressed
your concerns in his response.  According to your Bureau
Electronic Medical Record (BEMR), you have been evaluated and
treated numerous times for this complaint.  On February 19,
2019, you were evaluated during sick call.  You complained of
back pain and reported no improvement with your medications.
Your medical record was reviewed at length and a pain management
consultation was submitted for further evaluation.  Your
consultation was referred to the Regional Medical Director and
subsequently denied.  Your medical history was reviewed and
further conservative treatment was recommended.  Once
conservative measures have been exhausted, a pain management
consult will be reconsidered.  Based on your medical
assessments, you are being treated appropriately and there is no
evidence to support your claim of denied medical care by Medical
Staff.  Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to
the General Counsel, Federal Bureau of Prisons.  Your appeal
must be received in the Administrative Remedy Section, Office of
General Counsel, Federal Bureau of Prisons, 320 First Street,
N.W., Washington, D.C. 20534, within 30 calendar days of the
date of this response.

Date:  April 19, 2019

J. RAY ORMOND
Regional Director

**Administrative Remedy No. 967849-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal wherein you allege deliberate indifference to your
serious medical needs. For relief, you request medication and
physical therapy.

We have reviewed documentation relevant to your appeal and,
based on our findings, concur with the manner in which the
Warden and Regional Director responded to your concerns at the
time of your Request for Administrative Remedy and subsequent
appeal.  Our succeeding review reveals no evidence to suggest
deliberate indifference to your serious medical needs.  You have
been evaluated by clinical staff on numerous occasions and have
been educated regarding exercises and conservative pain relief
(i.e. use of ice/heat, over-the-counter medications and muscle
rubs, and stretching exercises).  It is recommended you follow
the provider recommendations.

The record reflects you have received medical care and treatment
in accordance with evidence based standard of care and within
the scope of services of the Federal Bureau of Prisons.  You are
encouraged to comply with proposed medical treatment so Health
Services can continue to provide essential care and to contact
medical personnel through routine sick call procedures should
your condition change.

Considering the foregoing, this response is provided for
informational purposes only.


7|19|19
Date

Ian Connors, Administrator
National Inmate Appeals

JOHNSON, Anthony
Reg. No. 30077-068
Unit: 3A
Remedy ID# 971965-F1

## Part B - RESPONSE

This is in response to your Request for Administrative Remedy, received on
March 22, 2019, wherein you claim you have not received adequate medical care from an
alleged fall that occurred on February 22, 2019. You seek to obtain the treatment plan that was
prescribed prior to your incarceration.

A review of your medical file reveals you were recently evaluated on February 22, 2019, by a
clinical provider. You offered a complaint of back and neck pain for a fall. You were given
medication for pain, follow-up plan, and a wheelchair. On February 23, 2019, you requested to
be seen for low back pain. At which time you were evaluated by a provider, you were to continue
on the current treatment plan and follow-up on Monday February 25, 2019. You left the Health
Services Unit (HSU) without the use of the wheelchair.

On February 25, 2019, you requested to be seen for low back pain, you were evaluated by the
Clinical Director. You offered a complaint of back pain and arm pain which was addressed. You
were directed to continue following your current treatment plan. On February 27, 2019, you
requested to be seen for back, neck, hand, and leg pain. You were evaluated by a Mid-Level
Provider, your exam was normal and you were directed to continue with the current treatment
plan, taking medications as prescribed. On February 28, 2019, you requested to be seen for neck
and back pain. You were evaluated by a Mid-Level Provider at which time you had a normal
exam, you were directed to continue with the current treatment plan taking medications as
prescribed. On March 8, 2019, you requested to be seen for back pain. You were evaluated by a
Mid-Level Provider during the evaluation you became loud, belligerent, and verbally aggressive
towards staff and the visit was terminated. On March 25, 2019, you requested to be seen for a
lump on your neck. You were evaluated by a Mid-Level Provider. An enlarged Lymph Node was
noted, you were given a plan of care and blood work was drawn. On March 28, 2019, you
requested to be seen for constipation. You were evaluated by a Mid-Level Provider at which time
you refused to allow an examination.

In order for you to see any improvement in your medical conditions you must allow the clinical Staff to evaluate your complaints. You must follow the treatment plan including medication compliance, diet modification, stretching, and exercises set forth by the Clinical Providers.

Your request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director, Federal Bureau of Prisons, U.S. Customs House, Second and Chestnut Streets, Philadelphia, Pennsylvania, 19106 within 20 calendar days of the date of this response.

Scott Finley, Warden                    Date 04/05/2019

JOHNSON, Anthony
Reg. No. 30077-068
Appeal No. 971965-R3
Page One

## Part B - Response

You appeal the response of the Warden of FCI Schuylkill and
contend you are not receiving appropriate medical treatment for
your chronic conditions.  You claim you were denied medical
treatment for a February 2019, fall.  You request adequate
medical care.

A review of your appeal reveals the Warden adequately addressed
your concerns in his response.  According to your Bureau
Electronic Medical Record (BEMR), you have been evaluated and
treated numerous times for back pain.  On February 19, 2019, you
were evaluated during sick call.  You complained of back pain
and reported no improvement with medications.  Your medical
record was reviewed at length and a pain management consultation
was submitted for further evaluation.  Your consultation was
denied, and conservative therapy was recommended.  You were last
evaluated for pain on April 3, 2019.  You complained of chronic
back pain, fever and a swollen lymph node.  There was a left
non-tender mobile lymph node on the left anterior side of your
neck, otherwise your exam was unremarkable.  Your treatment plan
was discussed, and you were advised to follow up as needed.  On
April 4, 2019, you returned to sick call for wrist pain
associated with Carpal Tunnel Syndrome.  You became belligerent
with medical staff, and your encounter was terminated.
According to your medical record, you have not reported to sick
call or voiced any complaints to medical staff since this
encounter.  If you are still experiencing symptoms you may see
your Primary Care Provider via sick call for further evaluation
and treatment options.  Based on your medical assessments, you
are being treated appropriately and there is no evidence to
support your claim of denied medical care by medical staff.
Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to
the General Counsel, Federal Bureau of Prisons.  Your appeal
must be received in the Administrative Remedy Section, Office of
General Counsel, Federal Bureau of Prisons, 320 First Street,
N.W., Washington, D.C. 20534, within 30 calendar days of the
date of this response.

Date:  July 15, 2019

J. RAY ORMOND
Regional Director

**Administrative Remedy No. 971965-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal wherein you allege deliberate indifference since you have received inadequate medical care for your reported back pain. You assert you fell off a top bunk bed that you should not have been assigned to due to your medical conditions. You further allege you were denied medication other than Over-the-Counter (OTC) medicine. For relief, you request to see a pain management specialist.

We have reviewed documentation relevant to your appeal and, based on our findings, concur with the manner in which the Warden and Regional Director responded to your concerns at the time of your Request for Administrative Remedy and subsequent appeal. Our succeeding review reveals you have been evaluated by Health Services on multiple occasions for medical concerns and have had adjustments in your health care as clinically needed. At this time, your clinical team has found insufficient diagnostic data to make a clinical determination of the need for pain specialist. Your primary care team will continue to make recommendations as needed. As recommendations are made, a course of treatment will be determined. Given this, we shall defer diagnostic testing and treatment interventions to the Health Services staff at the local level.

Based on this information, there is no evidence to substantiate your claim of being denied appropriate medical care or that of deliberate indifference on the part of medical staff; therefore, we find no rationale warranting further review of your claim.

The record reflects you have received medical care and treatment in accordance with evidence based standard of care and within the scope of services of the Federal Bureau of Prisons. You are encouraged to comply with proposed medical treatment so Health Services can continue to provide essential care and to contact medical personnel through routine sick call procedures should your condition change.

Considering the foregoing, your appeal is denied.

___10|21|19___
Date

Ian Connors, Administrator
National Inmate Appeals

JOHNSON, Anthony
Reg. No. 30077-068
Unit: 3A
Remedy ID# 970184-F1

## Part B - RESPONSE

This is in response to your Request for Administrative Remedy, received on
March 6, 2019, wherein you request, " to have medical records forwarded to the Designation
and Sentence Computation Center (DSCC) to be faxed to the Central Medical Designator, to be
adequately evaluated for care level facility.

Program Statement, 6270.01, Medical Designations & Referral Services for Federal Prisoners,
states, "re-designations are initiated for inmates with an acute medical, surgical, or psychiatric
condition, or for those inmates who have chronic care needs that cannot be addressed at the
parent institution."

Review reveals, you were initially classified as "Care 1" for medical needs.  On March 5, 2019,
your classification was updated to "Care 2."  As a Care 2 facility, FCI Schuylkill is able to
manage your current medical needs.  You do not require transfer to a higher Care Level facility
at this time.  Regarding your request to have your medical records forwarded to the Central
Medical Designator, this is unnecessary, as the Office of Medical Designations has access to
your electronic medical record.

Accordingly, your request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director, Federal
Bureau of Prisons, U.S. Customs House, Second and Chestnut Streets, Philadelphia,
Pennsylvania, 19106 within 20 calendar days of the date of this response.

Scott Finley, Warden

Date 04/12/2019

JOHNSON, Anthony
Reg. No. 30077-068
Appeal No. 970184-R1
Page One

---

### Part B - Response

You appeal the response from the Warden of FCI Schuylkill and
contend you are not receiving appropriate accommodations for your
chronic conditions.  You claim the institution is not handicap
accessible and there is no access to physical therapy or carpal
tunnel splints.  You request re-designation to another facility.

A review of your appeal reveals the Warden adequately addressed
your complaint in his response.  According to your Bureau
Electronic Medical Record (BEMR), you were evaluated on February
22, 2019, after falling off your bunk.  You complained of back
pain and numbness and tingling in your left hand.  Your
examination revealed no acute findings and you were given a
Ketorolac Injection for pain.  You were provided a wheelchair for
three days and advised to follow up as needed.  You were
evaluated numerous times following this encounter, your
examinations were unchanged and you were treated accordingly.  On
February 28, 2019, you were evaluated for extreme neck and back
pain during sick call.  Your examination revealed tenderness with
full range of motion.  You were advised to continue Cymbalta and
over-the-counter medication for pain and no further treatment was
recommended.  Based on your medical assessments, you are being
treated appropriately and a transfer to another facility is not
warranted.  As indicated by the Warden, you are correctly
classified as a Care Level Two inmate and your medical conditions
can be treated at your current institution.  Accordingly, your
appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date:   June 6, 2019

J. RAY ORMOND
Regional Director

**Administrative Remedy No. 970184-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal wherein you allege cruel and unusual punishment since you
received inadequate medical care for your chronic conditions.
You allege you have not received treatment or effective
medication for your condition.  You further allege your parent
institution is not handicap accessible since you are unable to
go up steep stairs due to numbness and pain.  You contend you
are unable to attend programs due to accessibility.  For relief,
you request the Federal Bureau of Prisons abide by the judicial
recommendation for your medical care.

We have reviewed documentation relevant to your appeal and,
based on our findings, concur with the manner in which the
Warden and Regional Director responded to your concerns at the
time of your Request for Administrative Remedy and subsequent
appeal.  Our succeeding review reveals you have been evaluated
by Health Services on multiple occasions for medical concerns
and have had adjustments in your health care as clinically
needed.

Further review of your most recent chronic care evaluation
reveals your clinical provider determined physical therapy, a
TENS unit, cane, Elavil or an MRI scan was not presently
clinically indicated.  In addition, it is noted you have a
history of diverting pain medication.  You are encouraged to
participate in your recommended plan of care to ensure optimal
wellness.  Additionally, on several occasion you were observed
walking, turning, bending without difficulty and showing no
signs of pain.  Your primary care team will continue to make
recommendations as needed.  As recommendations are made, a
course of treatment will be determined.  Given this, we shall
defer diagnostic testing and treatment interventions to the
Health Services staff at the local level.

Based on this information, there is no evidence to substantiate
your claim of being denied appropriate medical care or of cruel
and unusual punishment on the part of medical staff.  Therefore,
we find no rationale warranting further review of your claim.
We find you are designated to an appropriate institution
commensurate with your current security, custody and medical
needs.  Additionally, we note your parent institution is ADA
complaint for inmates with disabilities.

**Administrative Remedy No. 970194-A1**
**Part B - Response**
**Page 2**


The record reflects you have received medical care and treatment
in accordance with evidence based standard of care and within
the scope of services of the Federal Bureau of Prisons.  You are
encouraged to comply with proposed medical treatment so Health
Services can continue to provide essential care and to contact
medical personnel through routine sick call procedures should
your condition change.

Considering the foregoing, this response is provided for
informational purposes only.


_____9\20\17_____
Date

_____
Ian Connors, Administrator
National Inmate Appeals

JOHNSON, Anthony
Reg. No. 30077-068
Unit: 3A
Remedy ID# 981996-F1

---

Part B - RESPONSE

---

This is in response to your Request for Administrative Remedy, received on June 21, 2019, wherein you request complete medical records from an outside hospital you received treatment, while at a previous institution.

Program Statement 6090.04, Health Information Management, states, "On occasion, the HSA/designee will have to request health records from hospitals and physicians of inmates formerly treated by them. When an inmate was treated elsewhere, such as a hospital, ambulatory surgical facility, nursing home, or physician's or consultant's office, clinical summaries or other pertinent documents are obtained when necessary for continuity of care."

Review reveals you have been provided requested copies of your BOP medical records, in accordance with Program Statement 6090.04. Your electronic medical record is accurate and complete. Additionally, on June 18, 2019, you were provided copies of the EMG performed at your previous institution. BOP institutions typically receive the amount of documentation necessary for continuation of care, such as interpretive reports, from outside medical providers. The provider may retain additional records, and release those records in accordance with their local policies or as required by law. As your medical file already contains the information necessary for continuation of care, there is no clinical need for the institution to request additional records. You are encouraged to see your Primary Care Provider and discuss your plan of care. If you are experiencing any further medical issues, please attend sick call following established procedures.

Accordingly, your request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director, Federal Bureau of Prisons, U.S. Customs House, Second and Chestnut Streets, Philadelphia, Pennsylvania, 19106 within 20 calendar days of the date of this response.

_____          7/1/19
   Scott Finley, Warden                 Date

**JOHNSON, Anthony**
Reg. No. 30077-068
Appeal No. 981996-R1
Page One

## Part B - Response

You appeal the response of the Warden at FCI Schuylkill
regarding your medical records.  You claim you have not received
complete copies of your medical records including your
Electromyography (EMG), consultation notes confirming your
diagnosis of Carpal Tunnel Syndrome and Ulnar Neuritis, and
recommendation for surgery.  You request all off-site outpatient
records.

A review of your appeal reveals the Warden adequately addressed
your concerns in his response.  Review of your Bureau Electronic
Medical Record (BEMR), reveals you have been provided copies of
your medical records in accordance with Program Statement
6090.04, <u>Health Information Management</u>.  In addition, your Nerve
Conduction Velocity Test (NCV) completed on December 7, 2018,
was reviewed.  There is no evidence to support your claim this
document was altered or fabricated by the institution.
Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to
the General Counsel, Federal Bureau of Prisons.  Your appeal
must be received in the Administrative Remedy Section, Office of
General Counsel, Federal Bureau of Prisons, 320 First Street,
N.W., Washington, D.C. 20534, within 30 calendar days of the
date of this response.

Date:  August 8, 2019                J. RAY ORMOND
                                     Regional Director

Administrative Remedy No. 981996-A1
Part B - Response


This is in response to your Central Office Administrative Remedy
Appeal wherein you allege you have not received complete copies
of your medical records.  For relief, you request the complete
medical record pertaining to continuation of care for your
Carpal Tunnel Syndrome and Ulnar Neuritis.

We have reviewed documentation relevant to your appeal and,
based on our findings, concur with the manner in which the
Warden and Regional Director responded to your concerns at the
time of your Request for Administrative Remedy and subsequent
appeal.  Records indicate you have received copies of your
medical records on numerous occasions.  Specifically, you
received the EMG report on January 17, 2019.  You have not
provided sufficient evidence that your medical record has been
altered or that you have been denied copies of documents from
your medical records.  Based on this information, there is no
evidence to substantiate your claim of receiving incomplete
medical records.

The record reflects you have received medical care and treatment
in accordance with evidence based standard of care and within
the scope of services of the Federal Bureau of Prisons.  You are
encouraged to comply with proposed medical treatment so Health
Services can continue to provide essential care and to contact
medical personnel through routine sick call procedures should
your condition change.

Considering the foregoing, this response is provided for
informational purposes only.


_10|4|19_
Date

_____
Ian Connors, Administrator
National Inmate Appeals

JOHNSON, Anthony
Reg. No. 30077-068
Unit: 2B
Remedy ID# 995057-F1

---

### Part B - RESPONSE

This is in response to your Request for Administrative Remedy, received on
October 25, 2019, wherein you claim you are being denied access to care and testing
recommended by the consultant General Surgeon.

A review of your medical record reveals you are receiving appropriate medical care for your
chronic and acute medical concerns.  On October 3, 2019, you were evaluated by the consultant
General Surgeon for left sided neck swelling that was observed by your Primary Care Provider
during a previous clinical encounter.  Upon examination by the consultant General Surgeon, no
lymphadenopathy nor other defects were appreciated.  The radiographic and laboratory studies
recommended by the consultant General Surgeon, were completed prior to your consultation, and
there is no indication to repeat these studies, as all revealed negative results at time of
completion.  Based upon the lack of physical findings and consultation with the Clinical
Director, there is no additional testing or intervention clinically indicated at the present time for
your neck swelling.

Additionally, in accordance with Program Statement 6031.04, Patient Care, section 16c, Request
for Consultation, Bureau physicians are not obligated to follow all consultant recommendations.

If you continue to experience any medical conditions, please attend sick call to be evaluated and
receive appropriate treatment for the condition(s), as medically indicated.

Your request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director, Federal
Bureau of Prisons, U.S. Customs House, Second and Chestnut Streets, Philadelphia,
Pennsylvania, 19106 within 20 calendar days of the date of this response.

Scott Finley, Warden                    Date   10/29/2019

JOHNSON, Anthony
Reg. No. 30077-068
Appeal No. 995057-R1
Page One

---

## Part B - Response

You appeal the response of the Warden of FCI Schuylkill and
contend you are not receiving appropriate medical treatment for
a lump on your neck.  You claim Medical Staff are not following
the General Surgeon's recommendations for additional testing and
biopsy.

A review of your appeal reveals the Warden adequately addressed
your concerns.  According to your Bureau Electronic Medical
Record (BEMR), you were evaluated on October 3, 2019, by the
General Surgeon for swelling and fullness in the neck.  Your
physical examination revealed no vein distention or
lymphadenopathy.  A CT Scan of your neck and chest was
recommended, as well as blood work for further evaluation.  You
were advised to follow up for a possible lymph node biopsy once
these tests were performed.  You are currently scheduled to see
the Clinical Director for a 14-day chronic care clinic.  These
recommendations will be reviewed and submitted to the
Utilization Review Committee for approval if indicated.
According to your medical record, you are receiving appropriate
medical treatment for your condition.  Accordingly, your appeal
is denied.

If you are dissatisfied with this response, you may appeal to
the General Counsel, Federal Bureau of Prisons.  Your appeal
must be received in the Administrative Remedy Section, Office of
General Counsel, Federal Bureau of Prisons, 320 First Street,
N.W., Washington, D.C. 20534, within 30 calendar days of the
date of this response.

Date:   January 6, 2020

E. BRADLEY
Acting Regional Director

Administrative Remedy No. 995057-A2
Part B - Response


This is in response to your Central Office Administrative Remedy
Appeal wherein you allege a denial of medical care.
Specifically, you state being evaluated by a general surgeon,
who recommended you receive additional laboratory studies, a CT
scan of your neck, and depending on the aforementioned results,
potentially a lymph node biopsy.  For relief, you request to
receive an immediate CT scan of your neck, as requested by the
General surgeon.

We have reviewed documentation relevant to your appeal and,
based on our findings, concur with the manner in which the
Warden and Regional Director responded to your concerns at the
time of your Request for Administrative Remedy and subsequent
appeal.  Our succeeding review of your medical file reveals you
received a CT scan of your neck and further laboratory studies
on October 3, 2019.  Results of these studies were found to be
well within normal limits.  That same day, you were evaluated by
a General surgeon who noted there was no appreciable cervical or
supraclavicular lymphadenopathy was noted.  Based on this
information, there is no evidence to substantiate your claim of
being denied appropriate medical care.  There is no clinical
indication for an additional CT scan and further laboratory
studies at this time.

The record reflects you have received medical care and treatment
in accordance with evidence based standard of care and within
the scope of services of the Federal Bureau of Prisons.  You are
encouraged to comply with proposed medical treatment so Health
Services can continue to provide essential care and to contact
medical personnel through routine sick call procedures should
your condition change.

Considering the foregoing, your appeal is denied.



4/16/20
Date

Ian Connors, Administrator
National Inmate Appeals

Johnson, Anthony
Reg. No. 30077-068
Unit 2
Remedy ID #: 995056-F1

Part B - RESPONSE

This is in response to your Request for Administrative Remedy received on October 25, 2019, in which you claim a staff member used excessive force against you and denied you medical treatment.

It is the policy of the Bureau of Prisons, and the practice at FCI Schuylkill, to take allegations such as yours seriously, and to investigate these allegations. Therefore, your allegations have been referred to the appropriate office for further review and consideration. However, due to privacy interests of staff, we will not disclose to you the results or final outcome of any investigation conducted in this matter.

Based on the above information, this response is for informational purposes only.

If you are not satisfied with this decision, you may appeal to the Regional Director, Federal Bureau of Prisons, U.S. Customs House, Second and Chestnut Streets, Philadelphia, Pennsylvania, 19106, within 20 calendar days of the date of this response.

_____          _____
Scott Finley, Warden                                      11/15/2019
                                                                         Date

JOHNSON, Anthony
Reg. No. 30077-068
Appeal No. 995056-R1
Page One

---

### Part B - Response

You appeal the response of the Warden of FCI Schuylkill and allege
staff misconduct.  Specifically, you claim staff used excessive
force, falsified medical records, and violated your constitutional
rights.  You request your complaint be referred to the FBI or Office
of the Inspector General for an investigation.

Your allegations have been referred for review pursuant to Program
Statement 3420.11, Standards of Employee Conduct.  A thorough review
will be conducted; however, the results will not be disclosed to you.
You are not entitled to this information.  This response is for
informational purposes only.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of this
response.

Date: December 31, 2019

SCOTT FINLEY
Acting Regional Director

Administrative Remedy No. 995056-A2
Part B - Response

This is in response to your Central Office Administrative Remedy
Appeal in which you allege staff misconduct.  Specifically, you
claim a staff member used excessive force against you.  For relief,
you request the staff member act in a humane manner towards you and
not cause you any additional pain and suffering.

We reviewed documentation relevant to your appeal and, based on the
information gathered, concur with the manner in which the Warden  and
Regional Director addressed your concerns at the time of your Request
for Administrative Remedy and subsequent appeal.  Staff conduct is
governed by Program Statement 3420.11, Standards of Employee
Conduct, and the Bureau of Prisons takes seriously any allegation
of staff misconduct, such as those you raised in this remedy cycle.
We look into matters which may constitute inappropriate conduct and
refer them to another component of the Bureau of Prisons for
appropriate action.  The matter has been forwarded to the
appropriate Bureau component for further review.

Additionally, no inmate is entitled to be advised of the results of
any inquiry or any action pursued against staff.  You should also
be aware such reviews may or may not include interviewing you and
no inmate is entitled to be apprised of the progress, outcome, or
disposition of any review of alleged staff misconduct.  Similarly,
any action taken against staff, if any are deemed necessary, will
not be disclosed to you.

Based on the foregoing, this response is provided for informational
purposes only.


_____
Date

                              _____
                              Ian Connors, Administrator
                              National Inmate Appeals



CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7019 1120 0001 6982 5626

RECEIVED
SCRANTON

JUL 21 2020

PER _____
DEPUTY CLERK

United States District Court
Middle District of Pennsylvania
235 North Washington Ave
Po Box 1148
Scranton, PA 18501

___y Johnson
___7-068
___Communications
___anaan
___X 30
___as Park, FL 33781